UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JERRY STAGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:12-cv-616- SEB-DKL |
| vs. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR EXERCISE OF SUPPLEMENTAL JURISDICTION AND CONSOLIDATION**
(Docket No. 23)

On or about February 6, 2010, Jerry Staggs slipped and fell on ice and snow while working at the Indianapolis International Airport, sustaining bodily injuries. On February 3, 2012, he and his wife filed a civil tort action in the Marion Superior Court. That case, entitled <u>Jerry and Anna Staggs v. ABX Cargo Services, Inc., ABX Air, Inc. and Indianapolis Airport Authority</u>, is currently pending under Cause Number 49D05-1202-CT-4990.

On May 7, 2012, Mr. Staggs and his wife filed this action seeking damages from the federal government for its alleged negligence in causing or contributing to Mr. Staggs's injuries.[1] Although this action was filed more than two years after the date of the slip and fall incident, Mr. Staggs did not receive a response to his Federal Tort Claim Notice, until March 29, 2012 and, thus, this cause was timely filed. [<u>See</u> Dkt. No. 1-3.]

In answering the complaint in this action, the federal government asserted, as an affirmative defense, that Mr. Staggs's injuries may have been caused in full or in part by non-parties –

---

[1]   Mrs. Staggs has since been dismissed from this case, leaving Mr. Staggs as the sole defendant.

specifically, ABX Cargo Services, Inc., ABX Air, Inc. and the Indianapolis Airport Authority. Mr. Staggs now argues that because the federal government has identified as non-parties to whom fault should be allocated in this case the *exact same entities* that he named as defendants in his state court case, we should assert supplemental jurisdiction over his state law claims and consolidate his state court case with this case. The federal government takes no position on Mr. Staggs's request that the two cases be consolidated before us, but ABX Cargo Services, Inc., ABX Air, Inc. and the Indianapolis Airport Authority object.

  Mr. Staggs does not dispute that his state court case is properly before the Marion Superior Court, that it includes no federal claims, and that there is no basis for its removal under 28 U.S.C § 1441. Even so, he asserts that the two cases can be consolidated in this Court pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) because both lawsuits arise out of the same slip and fall incident, the state case is part of the same controversy as the federal case, the defendants named in the state case are implicated in the federal case through the affirmative defenses asserted by the federal government, and consolidation will serve the interests of judicial economy.

  Significantly, Mr. Staggs has not cited a single judicial decision in which a federal court has ordered, pursuant to 28 U.S.C. § 1367, that a case properly pending in state court be removed and consolidated with a federal court action, and we doubt that he could. "[S]upplemental jurisdiction does not – and cannot– operate to get a case into federal court." 13D Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 3567 (3d ed. 2008).

  We recognize that in early February 2012, Mr. Staggs found himself in a predicament. He was staring down the statute of limitations applicable to his state law claims against ABX Cargo Services, Inc., ABX Air, Inc. and the Indianapolis Airport Authority and could not delay filing suit against them. He could not name them as defendants in a federal court lawsuit because he had not

yet received a response to his tort claim notice and his claims against the federal government were not yet ripe, leaving him without a basis for federal jurisdiction. But, he could not name the federal government in a state court lawsuit because 28 U.S.C. § 1346(b)(1) placed exclusive jurisdiction over his claim against the United States of America in the federal courts. Consequently, as of February 6, 2012, Mr. Staggs had no way of asserting all of his claims against all of the parties that he wanted to sue in a single lawsuit.

We suspect that if the federal government had responded to Mr. Staggs's tort claim notice before February 6, 2012, Mr. Staggs would have brought all of his claims in a single lawsuit filed in federal court. Nevertheless, we cannot now order that the case properly pending in the Marion Superior Court be transferred to us. Title 28 U.S.C. § 1367 authorizes federal courts to hear state law claims that are brought as part of a federal lawsuit when those state law claims are substantially related to the federal claims presented, but it does not authorize federal courts to snatch away from state courts cases that are properly pending before them – even when the state and federal cases are factually related.

We do not doubt that Mr. Staggs is likely to bear additional burdens in prosecuting two factually similar cases before two different courts, and it may not serve the interests of judicial economy for two courts to simultaneously consider his claims. These practical considerations do not, however, permit us to order that the case now pending in the Marion Superior Court be removed to federal court and consolidated with this action. Mr. Staggs's motion is DENIED.

IT IS SO ORDERED.

Date: 04/09/2013

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Timothy Francis Devereux
LADENDORF & LADENDORF
Tim@ladendorf.com

Mark C. Ladendorf
LADENDORF & LADENDORF
mark@ladendorf.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov